Ofdtiost of the Court.
A Notice bearing date the 12th of November 1821, was given by Kouns to Canterberry, that he would, at the next term of the county court for Greenup county, move for judgment against him as sheriff of that county, for $47, the amount of the balance of the county lc-vies in his hands, for the years 1816and 1817, for which the commissioners superintending the building of the ¿fork’s office, had drawn an order in favour of Kouns upon Canterberry’s deputy who had refused to pay the same.
This notice was seryed on Canterberry on the 20th of November -18|U:, quid at a court held on Monday the 28th oftbatíííOfA,' the motion was continued to the next eojirt.jjrtSh "the- 24th. of December of the samej year, being the fe>iirth Monday of the month, the court * sat and rendered judgment against Canterberry by default, for the amount claimed by Kouns, and • to that judgment Canterberry prosecuted this writ of error.
*450 One objection taken bj the assignment of error, is that the judgment was rendered on a day which by law the court was not authorised to sit.
This objection is founded on a mistake of the law. By an act of the legislature at the fall session 1821, the time of holding the county court of Greenup was changed, and the court thereafter required to be holden upon the second Monday in each month; but the act did not take effect until the first of January 1822, and by the law as it previously stood, the court was required to be held on the fourth Monday of the month.
There are, however, other objections taken by the assignment of error to the proceedings in this case that we deem fatal. Amongst these are the objections, 1st that -the commissioners superintending the building of the clerk’s office, do not appear to have had any authority to direct to whom the money in the hands of the sheriff should be paid, and 2d that it appears that the order in favour of Kouns, was drawn after Canter-berry had gone out of office, and of course the person upon whom it was drawn had ceased to be his deputy, and could not make Canterberry responsible, by his failure to pay the order. The order in such case should be made upon the sheriffhimself, to render him liable on the motion of the county creditor.
The judgment must be reversed with costs, and the cause be remanded that the court may quash the notice, it being insufficient to shew any right in Kouns to maintain the motion.